NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0568n.06

No. 11-3742

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 04, 2012*

LEONARD GREEN, Clerk

|  |  |
|---|---|
| ROHRER CORPORATION,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>DANE ELEC CORP. USA,<br><br>    Defendant-Appellant. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |

Before: MARTIN, GILMAN, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Defendant-Appellant Dane Elec Corp. USA ("Dane Elec") appeals the district court's grant of attorney's fees to Plaintiff-Appellee Rohrer Corporation ("Rohrer"). Because the district court properly determined that Ohio law authorizes an award of attorney's fees under the circumstances, we affirm.

**I.**

The background facts are not relevant to the present appeal and will be discussed briefly only to provide context. Dane Elec entered into an agreement with Rohrer to purchase plastic shell products and submitted several purchase orders for those products. At some point, Dane Elec noticed that the price on the invoices for its orders was higher than the price quoted by Rohrer.

1

Rohrer informed Dane Elec that it had made a mistake in its earlier price quote and could not honor that price, but would reduce the billing price. However, Dane Elec refused to pay more than the original quoted price. In January 2010, the presidents of Rohrer and Dane Elec met and orally reached an agreement on the outstanding pricing issues. The terms of the oral agreement were subsequently disputed by the parties and Rohrer filed suit alleging, *inter alia*, breach of the settlement agreement.

Prior to trial, both parties submitted proposed jury instructions. One of Rohrer's proposed instructions read, "If you find in Rohrer's favor on its claim for breach of settlement agreement, you may award Rohrer its attorneys' fees in bringing this action against Dane, in an amount to be determined later by the Court." The district court invited Dane Elec to brief the issue whether Rohrer was entitled to attorney's fees if it prevailed at trial. Dane Elec filed its brief and Rohrer filed a response. After the first day of trial, the court allowed Dane Elec to submit additional briefing on the attorney's fees issue to address a case raised by Rohrer in its response, *Shanker v. Columbus Warehouse Ltd.*, No. 99AP-772, 2000 WL 726786 (Ohio Ct. App. June 6, 2000), which Dane Elec submitted. The court subsequently discussed the jury instructions with counsel, and Dane Elec proposed that if the court were to instruct that attorney's fees could be awarded to Rohrer, a reciprocal instruction would be warranted authorizing attorney's fees to Dane Elec if it prevails. The court instructed Dane Elec to submit additional briefing to demonstrate its entitlement to attorney's fees, which Dane Elec did not submit. The record does not show that Dane Elec further objected to the attorney's fees instruction. After a five-day trial, the jury returned a verdict in Rohrer's favor on

2

all claims and found Rohrer entitled to attorney's fees on its claim for breach of the settlement agreement. The court entered judgment accordingly.

Dane Elec now appeals only that portion of the judgment awarding attorney's fees to Rohrer on its breach-of-settlement claim.

## II.

This appeal involves one issue—whether the prevailing party on a claim for breach of a pre-litigation settlement agreement is entitled to attorney's fees under Ohio law. Both parties agree that Ohio law governs the instant matter. The primary point of contention is the applicability of *Shanker* to the present case.[1]

In *Shanker*, the plaintiffs sued the defendant corporation after it defaulted on a promissory note to repay a loan issued by the plaintiffs. During the litigation, the parties reached an oral settlement agreement, which the magistrate judge outlined on the record in open court. After the parties began to reduce that agreement to writing, a dispute ensued over a term not previously discussed by the parties or by the magistrate in the settlement colloquy. The plaintiffs sought to have the additional term included in the written agreement; the defendant refused and filed suit to enforce

---

[1]When construing Ohio law, we must apply it according to controlling decisions of the Supreme Court of Ohio. *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999). Because the Supreme Court of Ohio has not addressed this issue, we may look to "the decisional law of the state's lower courts, other federal courts construing state law, restatements of law, law review commentaries, and other jurisdictions on the 'majority' rule" to ascertain how it would decide the issue. *Id.* (citing *Grantham & Mann v. Am. Safety Prods.*, 831 F.2d 596, 608 (6th Cir. 1987)). Although decisions of Ohio's appellate courts do not bind this court, we should not disregard them unless "convinced by other persuasive data that [the Supreme Court of Ohio] would decide otherwise." *Id.* (citing *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967)).

the oral settlement agreement. The trial court ruled in favor of the defendant, and the Ohio Court of Appeals affirmed.[2] Additional litigation became necessary when the defendant refused to make the required payment under the settlement agreement. The plaintiffs filed suit alleging breach of the settlement agreement and the defendant counterclaimed that the plaintiffs had breached the settlement agreement by continuing to litigate the matter. The trial court found that both parties had breached the settlement agreement, but that neither breach was material. In addition, the court found the defendant entitled to attorney's fees for the litigation expenses incurred in its original suit to enforce the oral settlement agreement.

Both parties appealed, with the plaintiffs claiming error in the award of attorney's fees to the defendant. Although the appellate court acknowledged that Ohio follows the "American Rule," whereby each party is required to pay its own attorney's fees in most circumstances, the court also noted three exceptions where attorney's fees can be awarded: 1) when a statute creates a duty to pay fees; 2) when the losing party has acted in bad faith; and 3) when the parties contract to shift fees. *Shanker*, 2000 WL 726786, at *4. The appellate court then distinguished attorney's fees that are "costs of litigation" from attorney's fees that are compensatory damages flowing from the breach of the settlement agreement. The court determined that although the former are covered by the American Rule, the latter are not. *Id.* Because the defendant incurred attorney's fees as a result of the plaintiffs' breach of the settlement agreement, the court held that the American Rule did not apply:

---

[2]This dispute was resolved in a separate litigation between the parties, *Shanker v. Columbus Warehouse Ltd.*, No. 96APE09-1269, 1997 WL 142723 (Ohio Ct. App. Mar. 31, 1997)

4

> When a party breaches a settlement agreement to end litigation and the breach causes a party to incur attorney fees in continuing litigation, those fees are recoverable as compensatory damages in a breach of settlement claim.

*Id.* at *5.

Dane Elec contends that the *Shanker* court's use of the phrase "settlement agreement to *end* litigation" renders that decision inapplicable when the parties enter into a settlement agreement prior to litigation, as in this case. In support, Dane Elec relies on *DeHoff v. Veterinary Hospital Operations of Central Ohio, Inc.*, where the Ohio Court of Appeals reiterated that "*Shanker* is limited to circumstances involving settlement agreements entered to end litigation." No. 02AP-454, 2003 WL 21470388, at *22 (Ohio Ct. App. June 26, 2003). The plaintiff in *DeHoff* commenced litigation to dissolve two corporations in which he was a one-half owner. After the court ordered a judicial dissolution of the corporations, the plaintiff began a new corporation and submitted an offer to the Board of Directors of one of the dissolved corporations to purchase equipment in exchange for the assumption of certain liabilities held by the corporation. The plaintiff then met with the defendant, the other half-owner of the dissolved corporations, in their capacities as Board members, to consider the plaintiff's offer and to discuss other matters relating to the dissolution. The plaintiff alleged that an oral agreement was reached between the two owners regarding the equipment at that time. Although the plaintiff's attorney sent a proposed written agreement to the defendant, it was not signed by either party. Over a year later, the plaintiff filed suit against the defendant for breach of the oral agreement. The trial court found that the parties had entered into an agreement, the defendant had breached the agreement, and, in reliance on *Shanker*, that the plaintiff was entitled to attorney's fees. On appeal, the defendant argued that the court erred by awarding attorney's fees

because the case did not involve a settlement agreement designed to end the underlying dissolution nor a motion to enforce a settlement agreement, and the Ohio Court of Appeals agreed. *Id.* at *22.

*DeHoff* is readily distinguishable from the instant matter because there was no settlement agreement involved, only a contract to purchase equipment. In contrast, *Tejada-Hercules v. State Automobile Insurance Company*, No. 08AP-150, 2008 WL 4416534 (Ohio Ct. App. Sep. 30, 2008), a case cited by Rohrer and not addressed by Dane Elec, is directly on point. In *Tejada-Hercules*, the plaintiffs were injured in a car accident and a driver insured by State Automobile Insurance Company ("State Auto") was at fault. After the plaintiffs' insurer paid their medical bills, they agreed to settle with the driver. Under that agreement, State Auto was supposed to deliver two checks, one made out to the plaintiffs and another jointly made out to the plaintiffs and their insurer. State Auto delivered the first check to the plaintiffs but made out the second check only to the plaintiffs' insurer. The plaintiffs then brought claims against State Auto for, *inter alia*, breach of the settlement agreement. The court awarded summary judgment to the plaintiffs on that claim. Despite finding that the plaintiffs had not suffered any actual damages as a result of the breach, the court determined that *Shanker* entitled the plaintiffs to their attorney's fees incurred in bringing the action. On appeal, the Ohio Court of Appeals affirmed the award of attorney's fees and specifically rejected the defendant's argument that *Shanker* applies only to settlement agreements to end litigation, rather than those reached prior to litigation, as contrary to Ohio law favoring settlement. *Id.* at *5. The court also explicitly distinguished *DeHoff* because the purchase agreement at issue in that case was unrelated to the initial matter before the court, namely the judicial dissolution of two corporations,

6

and the agreement would not have prevented future litigation between the parties over the dissolution issue. *Id.*

Likewise, in *Raymond K. Schaefer, Inc. v. Pytlik*, No. OT-09-026, 2010 WL 3820552 (Ohio Ct. App. Sep. 30, 2010), the parties entered into a settlement agreement following voluntary pre-litigation mediation regarding money owed under a construction agreement. The plaintiff filed suit for breach of the settlement agreement after the defendants refused to comply with the settlement terms. The court granted summary judgment to the plaintiff and awarded attorney's fees. Those fees were affirmed on appeal because they were compensatory damages "incurred as a direct result of [defendants'] breach of the settlement agreement." *Id.* at *6.

Dane Elec alternatively argues that *Shanker* actually followed the American Rule and, although the court did not state so explicitly, its rationale for awarding attorney's fees to the defendant was the plaintiffs' bad faith in continuing to litigate the matter. Dane Elec contends that *Shanker* does not apply because Rohrer has failed to establish bad faith. However, this argument is wholly contradicted by the *Shanker* decision. The *Shanker* court found the American Rule inapplicable because the defendant sought the attorney's fees as part of its compensatory damages resulting from the plaintiffs' breach of the settlement agreement, rather than as costs of the litigation. 2000 WL 726786, at *5. In addition, the court agreed with the plaintiffs that if the defendant was entitled to attorney's fees because of their breach, the plaintiffs were likewise entitled to attorney's fees due to the defendant's breach. *Id.* at *6. The *Shanker* court did not find that either party had acted in bad faith.

7

In sum, Ohio law allows a court to award attorney's fees as compensatory damages when a party's breach of a settlement agreement makes litigation necessary, even where none of the exceptions to the American Rule have been shown. Accordingly, the district court did not abuse its discretion by allowing the jury to consider whether to award Rohrer the attorney's fees it incurred in bringing a claim for breach of a settlement agreement against Dane Elec.

**III.**

For the foregoing reasons, we affirm the judgment of the district court.